UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS ARTHUR WOLSHLAGER,

    Plaintiff,

v.

ART COTTER, *et al*.,

    Defendants.
_____/

Case No. 1:21-cv-812

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Douglas Arthur Wolshlager (referred to as "Wolshlager" or plaintiff).[1]  For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Discussion**

    **A.**    **Complaint**

On September 20, 2021, Wolshlager filed a 24-page complaint against 26 named defendants and 5 "John Doe" defendants.  Plaintiff named the following defendants: Art Cotter; Carmal R. Harlow; James Hall-Lewis; Peter Drent; Ralph Benson; Gerald Vigamsky; Donna Howard; Ben Eberly; Shawn Yech; Jeff Gas[t]; Keith Kirk; Ryan Sullivan; William Palmisano; Fatoki Abeymi; Clinton Mettler; Kevin Allread; Patricia Ceresa; Charles Hall; Rob Christainer; Charles Lasata; Perry Goodish; Jonathan Bowmen; Celena Herbert; John Haas; Kevin Lee; Berrien County; and Unknown Parties (John Doe #1 though #5).  Compl. (ECF No. 1).

---

[1] Plaintiff variously refers to himself as "Doug Arthur Family of the Wolshlager" (Compl. ECF No. 1, PageID.1) and as "Doug Arther Family of the Wolshlager" (*id*. at PageID.22).

The is Wolshlager's third lawsuit related to arrests for driving without a valid driver's license. In *i; a man, prosecutor* [Doug Arthur Wolshlager] *v. Ben Eberly, et al.*, 1:17-cv-177 (W.D. Mich.) ("*Wolshlager I*"), plaintiff sued 10 defendants, including present defendants Ben Eberly, Shawn Yech, Clinton Mettler, and Fatoki Abeymi. The Court summarized *Wolshlager I* as follows, "[t]he allegations in Plaintiff's complaint seem to concern a July 27, 2015 traffic stop by a Berrien County sheriff's deputy and resulting arrest, but his Complaint is devoid of facts that would create a federal claim." *See Wolshlager I* (R&R, ECF No. 5, PageID.28). Plaintiff referred to some defendants who arrested him as trespassers and kidnappers. *See id.*, Compl. Plaintiff claimed the arrest was unlawful because he possessed a "Common Law Vehicular Judicial Notice Constitutional Drivers License." *See id.* (Judicial Notice, ECF No. 1-1). The Court dismissed *Wolshlager I* on September 20, 2017, for failure to state a claim and entered judgment in favor of defendants. *Id.* (Opinion and Order (ECF No. 26); Judgment (ECF No. 27)).

In his next lawsuit, *Wolshlager v. Jeff Gast, et al.*, 1:19-cv-293 (W.D. Mich.) ("*Wolshlager II*"), plaintiff sued 20 defendants based on the same core claim that he was arrested for having an invalid driver's license. *Wolshlager II* included present defendants Gast, James Hall-Lewis, Peter Drent, Ralph Benson, Gerald Vigamsky [sic], Keith Kirk, Ryan Sullivan, William Palmisano, Ben Eberly, Shawn Yech, Fatoki Abeymi, Clinton Mettler, Kevin Allread, Patricia Ceresa, Charles Hall, Rob Christainer, Donna Howard, Charles Lasata, and Perry Goodish.

*Wolshlager II* referenced the same arrest as *Wolshlager I*. The Court summarized plaintiff's claims in *Wolshlager II* as follows:

> Plaintiff has filed a 15-page complaint against 20 defendants. Plaintiff attempts to act as a private prosecutor, claiming that on July 27, 2015, he was kidnapped after defendant Ben Eberly asked to see his "driver's licence." Compl. (ECF No. 1, PageID.2). Plaintiff claims that he is not required to have a license, relying on his self-styled "Common Law Vehicular Judicial Notice Constitutional Drivers License" which grants him, as a "SOVEREIGN, COMMON LAW

2

> CITIZEN" the right to travel and "**NOT BE INFRINGED**". Exhibit (ECF No. 1-1, PageID.17-18). Plaintiff seeks damages in excess of $39 million. *Id*. at PageID.13. He also wants the State of Michigan "to update its records removing prosecutor [i.e., plaintiff] from its jurisdiction" and for this Court to dismiss a number of judgments against him in an "inferior [i.e., state] court." *Id*.

*Wolshlager II* (R&R, ECF No. 8, PageID.32) (emphasis in original). The Court dismissed this case on May 24, 2019. *Id*. (Order and Judgment, ECF Nos. 13 and 14).

In the present lawsuit (sometimes referred to as "*Wolshlager III*"), plaintiff is, once again, suing a number of individuals arising from his arrest for driving with an invalid driver's license. Compl. (ECF No. 1, PageID.6). Here, plaintiff states that the allegations "begin on June 25, 2015." *Id*. He provides no facts regarding the basis for his arrest other than:

> Defendant [sic] handed the public servant a Judicial notice. Please "see exhibit A."

*Id*. Plaintiff did not attach this critical "exhibit A" to the complaint. As discussed, plaintiff relied on a "Judicial Notice" in lieu of a driver's license in both *Wolshlager I* and *Wolshlager II*. The complaint in the present lawsuit also includes a list of 12 unexplained numbers prefaced with the phrase, "References please see verified." *Id*. at PageID.6-7.[2]

Plaintiff sets out some non-specific allegations indicating he was arrested, taken to jail, and bonded out "with jail sentences." *See id*. at PageID.7. The balance of the complaint consists of rhetoric, legalese, and unsubstantiated statements of crimes such as fraud and conspiracy, for example:

> 24.     There is evidence of an administrative revenue scheme, involving law enforcement officers, the District Attorneys, and the Judicial Department working in concert, to create sham legal proceedings in order to generate counterfeit negotiable instruments.

---

[2] The Court notes that plaintiff provided a similar list in *Wolshlager II* (ECF No. 1, PageID.3), which referred to a list which appeared in *Wolshlager I*.

>   25.    Assigning CUSIP numbers and utilizing CRIS accounts and the bonding and securitization of the fraudulent documents by the enterprise/corporation, a violation of many STATE and FEDERAL securities' laws.

*Id.* at PageID.8 (emphasis in original).

Like plaintiff's previous cases, *Wolshlager III* is based on various civil and criminal claims against defendants. Here, plaintiff cites federal constitutional violations (1st, 4th, 5th, 6th, 8th and 14th Amendments) and numerous violations of federal criminal law: 18 U.S.C. § 241 ("Conspiracy against rights"); 18 U.S.C. § 242 ("Deprivation of rights under color of law"); "18 U.S.C. Chapter 4 – Misprision of Felony"; 18 U.S.C. § 1001 ("Statements or entries generally"); and "Title 18 USC § 2331. Definitions". *Id*. at PageID.5. Plaintiff also characterizes his claims as involving contract, "other fraud", a statutory violation involving Racketeer Influenced and Corrupt Organizations, and identifies his cause of action as "Trespass verified". *See* Civil Cover Sheet (ECF No. 1-1).[3]

Plaintiff provides no timeline for events other than referring to June 25, 2015 and April 13, 2016. Compl. at PageID.6, 21.[4] As in his previous lawsuits, plaintiff is attempting to act as a private prosecutor enforcing criminal statutes as set forth in his request for relief:

>   Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about April 13, 2016 in BERRIEN COUNTY the Defendants did violate due process laws you will find the Defendants guilty.

*Id*. at PageID.21. Plaintiff seeks damages of either $10,182,972.34 or $13,000,000.00. Compl. at PageID.21; Civil Cover Sheet.

---

[3] The Court notes that plaintiff's reference to "trespass verified" is similar to allegations in *Wolshlager II*, which characterized his interaction with the defendants as including two causes of action for trespass.

[4] The Court notes that based on plaintiff's allegations, any civil rights action brought against defendants pursuant to 42 U.S.C. § 1983 are untimely. Plaintiff filed this lawsuit on September 20, 2021. Assuming that a civil rights violation occurred on April 13, 2016 (the latest date alleged in the complaint), the three-year statute of limitations for claims under § 1983 expired on April 16, 2019, two years before plaintiff filed this lawsuit. *See Chippewa Trading Company v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-years statute of limitations in M.C.L. § 600.5805(10) is used for claims brought in Michigan under § 1983).

### B.     Lack of jurisdiction

The Court should dismiss this complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). This is plaintiff's third lawsuit seeking millions of dollars on damages, based on an alleged illegally arrested for driving without a valid driver's license and claims that defendants violated his civil rights and committed crimes. As discussed, *infra*, plaintiff's claims are unsubstantial, frivolous, devoid of merit, and no longer open to discussion.

Plaintiff's claims in *Wolshlager I* and *Wolshlager II* were based on a non-sensical "Judicial Notice" which allegedly exempted him from state law, because the paper purportedly gave plaintiff the right to travel as a "sovereign, common law citizen." The present lawsuit is also based on a "Judicial Notice" which plaintiff allegedly presented to an unidentified "public servant" before being arrested for driving without a valid license. While plaintiff states that he attached a copy that critical paper as an exhibit to the complaint, he did not attach the exhibit. Without a copy or explanation of this "Judicial Notice" – the paper upon which plaintiff bases all of his claims – plaintiff's present lawsuit is frivolous. In this regard, if plaintiff is referring to the "Judicial Notice" which he previously used as his purported driver's license "exemption" in the two earlier lawsuits, then this lawsuit should be denied as frivolous for the reasons set forth in *Wolshlager II*.

In addition, like his previous lawsuits, plaintiff's present lawsuit is based on the proposition that he can prosecute defendants and obtain a monetary judgment against them based

5

on violations of federal criminal law by finding that defendants are guilty beyond a reasonable doubt. As this Court explained in *Weathers v. Holland Police Department*, No. 1:13-cv-1349, 2015 WL 357058 (W.D. Mich. Jan. 27, 2015), such claims are frivolous:

> In his first two claims, plaintiff seeks monetary damages against defendants pursuant to two federal criminal statutes, 18 U.S.C. § 241 ("conspiracy against rights") and 18 U.S.C. § 242 ("deprivation of rights under color of law"). Plaintiff's attempt to sue defendants for monetary damages under these criminal statutes is frivolous. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983)." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989).
>
> This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242.

*Weathers*, 2015 WL 357058 at *2.

The Court has advised plaintiff that he is not exempt from state laws and cannot act as a prosecutor. *See Wolshlager II* ("Contrary to plaintiff claims, he is not exempt from state law (such as the requirement to have a driver's license) and has no authority to prosecute any of the 20 named defendants.") (R&R, ECF No. 8, PageID.33, adopted in Order, ECF No. 13). Nevertheless, plaintiff's complaint in the present lawsuit claims that he is exempt from state law and that he can prosecute defendants with federal crimes to obtain millions of dollars in damages. The claims set forth in the present lawsuit are unsubstantial, frivolous, devoid of merit, and no longer open to discussion. Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction. *See Apple*, 183 F.3d at 479; Fed. R. Civ. P. 12(b)(1).

## II. RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Date   October 29, 2021           /s/ Ray Kent
                                  RAY KENT
                                  U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).